## Mary A. Garvy, Appellee, v. Dan Baldino and William Tortoriello, Appellants.

### Gen. No. 19,885.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

### Statement of the Case.

Action by Mary A. Garvy against Dan Baldino and William Tortoriello, in which, after two general demurrers to plaintiff's bill had been overruled and the defendants had elected to stand by their demurrers, the bill was taken as confessed, and defendants were ordered to pay to complainant, within ten days, the sum of $2,700, or if not paid within that time to assign and surrender to complainant, as security for the payment thereof, certain notes in their possession, and, in the meantime, they were enjoined from transferring the notes. From a decree in favor of complainant, defendants appeal.

In substance, the bill charged that complainant, being the owner of certain real estate in Cook county, employed defendant Baldino, who was a real estate broker, to find a buyer for her property for the best obtainable price; that Baldino found a purchaser named Laporte, who agreed to pay $25,200 for the property; that instead of reporting that fact to complainant, Baldino, in violation of his duty as complainant's agent, and in order to derive a secret profit from the sale of her property, entered into a fraudulent arrangement with the defendant Tortoriello, by which the latter, in consideration of $500 to be paid him by Baldino, agreed to become the ostensible purchaser of the property at the pretended price of $22,500, and then to convey the same to Laporte for

$25,200; that in pursuance of such arrangement Baldino falsely and fraudulently represented to complainant that Tortoriello was the real purchaser, and that $22,500 was the highest price obtainable for the property; that relying upon the representations of Baldino, complainant conveyed the property to Tortoriello, who paid her, ostensibly on his own behalf, but in reality on behalf of Baldino, the sum of $3,500 in cash, $500 to Baldino for commissions, and gave his notes secured by trust deed on the property for the remaining $18,500 of the fictitious purchase price of $22,500; that a day or two later, Tortoriello completed the fraudulent transaction by conveying the property to Laporte and his wife for the real consideration of $25,200, thereby obtaining a secret profit of $2,700 in cash and notes, which, in equity and good conscience, belonged to complainant.

John T. Murray and Frank E. Hayner, for appellants.

Thomas J. Condon, for appellee; Irvin I. Livingston, of counsel.

Mr. Presiding Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

1. Equity, § 213*—*question raised by general demurrer to bill.* Where a bill for an accounting, shows that a real estate broker, while acting as the owner's agent, took advantage of his position of trust to secure to himself a secret and unlawful profit and that a third party knowingly participated in the fraud and received part of the proceeds, *held* that the only question raised by general demurrers to the bill was whether the remedy of the owner upon the admitted facts is at law or in equity.

2. Equity, § 224*—*facts admitted on demurrer.* A general demurrer to a bill in equity for an accounting admits the charges made in the bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. TRUSTS, § 78*—*when third person may be required to account in equity.* A person who actively and knowingly assists a real estate broker in defrauding his principal may be required in equity to account for property which he received, though he occupied no fiduciary relation towards the principal.

4. JURY, § 9*—*right to jury trial in equity.* Where a court of equity has jurisdiction, a party is not entitled as a matter of right to a jury trial in chancery, and such a trial does not violate any constitutional right of trial by jury.

5. TRUST, § 244*—*when bill need not allege insolvency of defendants.* Where a violation of trust and fraud are charged in a bill and an accounting and an injunction sought, it is not necessary that there be an allegation that defendants are insolvent or financially irresponsible.